IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOSEPH MITCHELL BLAKE, III, | : |
| | : |
|     Plaintiff, | : |
| | : CASE NO. 5:23-CV-291-CAR |
| v. | : |
| | : |
| VILLAGE CAPITAL INVESTMENT, | : |
| LLC, | : |
| | : |
|     Defendant. | : |
| | : |

## ORDER ON GRANTING DEFENDANT'S MOTION TO DISMISS

*Pro se* Plaintiff Joseph Mitchell Blake, III, filed this action against Defendant Village Capital Investment, LLC, asserting multiple claims under the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA") arising out of a loan agreement with Defendant to finance a mortgage on certain property. Plaintiff originally filed the action in Houston County Superior Court, and Defendant removed it here pursuant to the Court's federal question jurisdiction. Defendant now moves to dismiss Plaintiff's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Court **HEREBY GRANTS** Defendants' Motion to Dismiss [Doc. 4]. Because the Eleventh Circuit requires district courts to allow a plaintiff proceeding *pro* se an opportunity to amend his complaint unless it is clear that he can prove no facts in support of his claim

that would entitle him to relief,[1] **Plaintiff is HEREBY PERMITTED** to file an amended complaint within **twenty-one (21) days of the date of this Order**. Failure to timely file an amended complaint will result in dismissal of this action.

## BACKGROUND

The Court accepts all factual allegations in the Complaint as true and construes them in the light most favorable to Plaintiff.

This action appears to arise out of a residential mortgage loan. On October 17, 2022, Plaintiff "entered into a loan agreement with [Defendant] to finance a mortgage on the property located at 110 Londie LN, Perry, GA 31069."[2] The loan documents "contain significant errors and inaccuracies" including "misspell[ing]" Plaintiff's name as Joseph Blake instead of Joseph M. Blake, III and incorrectly listing his birthdate as July 19, 2023.[3] Plaintiff alleges Defendant "engaged in unethical and illegal business practices by deliberately delaying the loan's closing date" and "intentionally allow[ing] the rate lock to expire, resulting in increased costs and financial harm to [Plaintiff] as the borrower."[4]

In support of its Motion to Dismiss, Defendant attached the security deed executed by Plaintiff in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Defendant ("Security Deed"), which secures the subject mortgage loan and

---

[1] *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291-92 (11th Cir. 2018).
[2] Compl., p. 5, ¶ 7 [Doc. 1-2].
[3] *Id.* at ¶ 8.
[4] *Id.* at ¶ 9.

also attached the warranty deed through which Plaintiff obtained title to the subject property ("Warranty Deed"). Both are public records, central to Plaintiff's claims, and "'not subject to reasonable dispute' because they [are] 'capable of accurate and ready determination by resort to sources whose accuracy [can]not reasonably be questioned'"; thus, the Court may consider the records in ruling on Defendant's Motion to Dismiss.[5] Plaintiff signed both the Security Deed and the Warranty Deed as "Joseph Blake" without any suffix, middle name, or middle initial appended to his last name. Defendant now moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

## LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[7]  In the same vein, a complaint may not rest on "naked assertions devoid of further factual enhancement."[8] "Factual allegations must be enough to raise a right to relief above the speculative level."[9]

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a

---

[5] *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (quoting Fed. R. Evid. 201(b)).
[6] Fed. R. Civ. P. 8(a)(2).
[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).
[9] *Twombly*, 550 U.S. at 555.

plaintiff's complaint.[10]   To avoid dismissal pursuant to Rule 12(b)(6) of the Federal Rules, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[11]   A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[13]

Generally, a court may not consider matters outside the pleadings when evaluating a motion to dismiss without converting the motion to a motion for summary judgment.[14] An exhibit to a pleading is part of the pleading and therefore may be considered.[15] A document not physically attached to a pleading may be considered if the document's contents are alleged in the complaint and no party questions its contents, provided that the document is central to the plaintiff's claim and its authenticity is not challenged.[16]

Because Plaintiff is acting *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally

---

[10] *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

[11] *Iqbal*, 556 U.S. at 678 (internal quotation omitted).

[12] *Id.*

[13] *Twombly*, 550 U.S. at 556.

[14] *See* Fed. R. Civ. P. 12(d); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 166 F.3d 1364, 1368-69 (11th Cir. 1997).

[15] *See* Fed. R. Civ. P. 10(c); *Brooks*, 116 F.3d at 1368 ("[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto.").

[16] *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

construed."[17] "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action."[18]

## DISCUSSION

Plaintiff claims that in misspelling his name, incorrectly identifying his birthdate, and deliberately delaying the closing date, Defendant (1) "[f]ail[ed] to provide accurate and clear disclosures as required by 15 U.S.C. § 1638(a)"; (2) "[f]ail[ed] to provide a proper and accurate Loan Estimate as required by 12 C.F.R. § 1026.19(e)"; and (3) "[e]ngag[ed] in unfair and deceptive practices in violation of 15 U.S.C. § 45(a) and 12 C.F.R. § 1026.2(a)(19)." As explained below, Plaintiff fails to state a claim upon which relief may be granted.

The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices. Accordingly, the Act requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights."[19] Section 1638(a) of the TILA requires creditors to make certain disclosures including the amount financed; the finance charge; the finance charge

---

[17] *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1988).

[18] *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010).

[19] *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (citations and internal quotation marks omitted); *see also In re Dixon*, 423 F. App'x 892, 894 (11th Cir. 2011) ("TILA was enacted to protect consumers and assist them in making informed credit decisions.").

expressed as an annual percentage rate; the number, amount, and due dates of payments to repay; the total sale price; and other disclosures as enumerated in the statute.[20] If a creditor fails to disclose the required information or discloses erroneous information to the consumer, the consumer may sue the creditor for damages.[21] But section 1638(a) does not require the borrower's name or birthdate, so a mistake or omission of either cannot give rise to any liability.

Federal regulation 12 C.F.R. § 1026.19(e) provides that creditors in mortgage transactions must "provide the consumer with good faith estimates of the disclosures in § 1026.37." In turn, § 1026.37 requires the creditor disclose a long list of information, including the "name and mailing address of the consumer(s) applying for the credit" but not a birth date.[22] Despite the requirement to provide the name of the consumer, Plaintiff cannot maintain a violation under this regulation based on his allegation his name was "misspelled" as "Joseph Blake" instead of "Joseph Blake, III." Plaintiff by his own signature signed both the Security Deed and the Warranty Deed as "Joseph Blake" not "Joseph Blake, III." Thus, Defendant's omission of the "III" suffix from Plaintiff's last name in the loan documents cannot result in a TILA disclosure violation. "The Eleventh Circuit takes a common-sense approach in analyzing the sufficiency of TILA disclosures despite the fact that the Act is liberally construed in favor of the consumer.

---

[20] *Id.*
[21] 15 U.S.C. § 1638(a)(4).
[22] 12 C.F.R. § 1026.37(a)(5).

The analysis as to whether required disclosures are clear and conspicuous is not mechanical or hypertechnical."[23]

Finally, Plaintiff alleges Defendant engaged in unfair and deceptive practices by deliberately delaying the loan's closing date and allowing the "rate lock" to expire which resulted in increased costs and financial harm in violation of 15 U.S.C. § 45(a) and 12 C.F.R. § 1026.2(a)(19). But 15 U.S.C. § 45(a) is part of the Federal Trade Commission Act, and "[t]here is no private cause of action implied under the Federal Trade Commission Act."[24] And 12 C.F.R. § 1026.2(a)(19) is a definitional regulation of "dwelling" under the TILA.

Although Plaintiff fails to state any claim for relief, a district court must allow a plaintiff proceeding *pro* se an opportunity to amend his complaint unless it is clear that he can prove no facts in support of his claim that would entitle him to relief.[25] Thus, the Court will allow him one opportunity to amend his Complaint and replead his claims within 21 days of the date of this Order.

---

[23] *Cote v. Countrywide Home Loans, Inc.*, Case No. 1:09-cv-0845-RLV-LTW, 2010 WL 11646975 at *6 (N.D. Ga. Feb. 11, 2010) (citing *Brooks v. Maryville Loan and Finance Co.*, 679 F.2d 837, 739 (11th Cir. 1982) and *Smith v. Highland Bank*, 108 F.3d 1325, 1327 (11th Cir. 1997).

[24] *Lingo v. City of Albany Dep't of Cnty. & Econ. Dev.*, 195 F. App'x 891, 894 (11th Cir. 2006) (citation omitted); *see also Strickland v. Deutche Bank Tr. Co. Americas*, Case No. 5:18-cv-3-CAR, 2018 WL 715408 at *5 (M.D. Ga. Feb. 5, 2018) (citation omitted) (dismissing claim under 15 U.S.C. § 45(a) because there is no private right of action and "[o]nly the commissioner may bring a complaint for violations of this section.").

[25] *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291-92 (11th Cir. 2018).

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Dismiss [Doc. 4]. **Plaintiff is HEREBY PERMITTED** to file an amended complaint within **twenty-one (21) days of the date of this Order**. Failure to timely file an amended complaint will result in dismissal of this action.

**SO ORDERED,** this  19th day of March, 2024.


S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT